# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| DENNIS SPURLING,<br><br>Plaintiff,<br><br>v.<br><br>CINDY ELIENE WRIGHT,<br><br>Defendant. | <br><br><br>Civil Action No.4:22-cv-1794<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff DENNIS SPURLING ("Plaintiff") as and for his Complaint against

Defendant CINDY ELIENE WRIGHT ("Defendant") alleges the following:

## NATURE OF THE CASE

1.      This is a diversity action asserting Texas state law claims for slander

per se, slander, libel per se, and defamation, as a result of Defendant's publication

of slanderous and defamatory statements regarding Plaintiff that are false, harmful,

and offensive to Plaintiff, as well as invasion of privacy – false light, intentional

infliction of emotional distress and unjust enrichment

## PARTIES

2.      Plaintiff is a citizen, domiciliary, and resident of the City of Missouri City Fort Bend County, State of Texas.

3.      Upon information and belief, Defendant Wright is a citizen, domiciliary, and resident of the State of Florida.

4.      Upon information and belief, Defendant Wright permanently resides at 824 SW 147th Ave Pembroke Pines, FL 33027.

## JURISDICTION AND VENUE

5.      This civil action is between Plaintiff, a citizen of the State of Texas, and Defendant Wright, a citizen of Florida, and the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

7.      Wright is subject to personal jurisdiction of this Court in the State of Texas and this judicial district because she committed a tortious act within the State of Texas in this judicial district, including, but not limited to, the torts of invasion of privacy – false light, defamation, and slander, *inter alia*, as complained of herein.

8.      A substantial part of the events giving rise to this claim occurred in this judicial district.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

### *Plaintiff DENNIS SPURLING*

10.      Dr. Dennis Spurling, Plaintiff is a Civil Litigation Attorney licensed in the State of Texas with an Legal: Law Master's in Environmental and Energy Related Law.

11.      In 2005, Plaintiff transitioned from his first job working in at A small law firm in New Orleans, to working owing his own law firm practicing personal injury law in Houston, Texas.

Plaintiff is affiliated with a group of nationally known lawyers and law firms that litigate Class – Action Lawsuits in various states in the country.

12.      Plaintiff, worked and sacrificed tremendously for the local community in hope of building his name and reputation as a legal professional making a difference in underserved communities.

13.      Plaintiff is an active member of Greater True Vine Missionary Baptist Church in 5th Ward, Houston, Texas and has sponsored multiple church events over the years. Including but not limited to motivational speaking with aspiring career focused law students.

3

Plaintiff has appeared on local news with Isiah Carey on Fox 26 on multiple occasions to render legal opinions.

14.     During the COVID-19 pandemic, Plaintiff commenced to build his name brand with informative legal and social topic related videos. Plaintiff has been successful in building his following on various social media platforms including Facebook, Instagram, and YouTube.

15.     Plaintiff has amassed over 45, 000 subscribers on YouTube, approximately 11,000 followers on Facebook, and around 5,000 followers on Instagram.  All of this has been done in under one (1) year.

16.     Plaintiff has hired and retained a social media team, which is calculated to magnify his current numbers by 100-fold over the next several years.

17.     Plaintiff has been appointed and nominated to multiple Class Action committees and is the owner of Dennis Spurling PLLC and Houston, Texas Based Law Firm.

18.     Plaintiff is working diligently to be appointed to Plaintiff's Steering Committee in various Class Actions pending around the nation.  In addition, Plaintiff is building his name brand, which will, in part, allow him to do personal Injury litigation for high money judgment clients as to their respective claims.

19.     Plaintiff, in raising his profile did videos with the likes of Kevin Samuels in Miami, Florida, with an aspirational goal of becoming a legal advisor for

a major American television or cable network, including, but not limited to, CNN, MSNBC, FOX News, etc.

### Defendant CINDY ELIENE WRIGHT

20.     Defendant CINDY ELIENE WRIGHT (hereinafter referred to as "Wright" or "Defendant" or "Defendant Wright") is of full age of majority.

21.     Defendant currently resides at 824 SW 147th Ave Pembroke Pines, FL 33027.

22.     Defendant is the mother of (1) child: a 6 -year-old son EZS who she shares with Plaintiff,

23.     In February 2018, Plaintiff was awarded joint custody of EZS which required Defendant Wright to travel to Houston, Texas, monthly.

24.     Defendant Wright has refused abide by court ordered child custody decree and has fled the country and absconded with the EZS on multiple occasions to avoid Service.

25.     In March 2022, Plaintiff informed Wright that he intended to as for modification of the Custody agreement and have EZS relocate to Fort Bend County, Texas to attend school.

26.     In April 2022, Plaintiff file an enforcement order in Broward County, Florida to enforce the Texas Judgment ordering Joint Custody.

27.     Since that time server of processes and private investigators have been actively searching for Defendant in Florida and the Country of Jamaica where she has hidden out and is known to have absconded with the EZS.

28.     On May 30, 2022, Wright participated in an online interview on the Paper Work Party Network hosted by Johnathan Edwards Davis entitled "Kevin Samuels Update: One on One with Dennis Spurling Baby Mama (She Tells All and Clears the AIR) wherein implicated plaintiff in the crime of murder of Kevin Samuels and she stated that Plaintiff committed the crime of child abuse as to their son EZS stating that he "beat their son from head to toe" in addition she was promised donations of $10,000.00 purportedly so that she can hire an attorney. https://youtu.be/4FAW71LS1HE

29.     This video along with it's accompanying snippets "Kevin Samuels update: Part 1 Full Phone Conversation w/ Dennis Spurling Baby Momma in Jamaica" and "Kevin Samuels update: Part 2 Full Phone Conversation w/ Dennis Spurling Baby Momma in Jamaica" also posted on May 30, 2022 https://youtu.be/CaMMgD8Rmr4 and https://youtu.be/l4TZ9D2AeMs which have approximately 11,000 views at the time of filing.

30.     As a result of this video other content creators have begun to make videos encompassing these false statements; on June 1, 2022, the Mr. Palmer Youtube Channel posted a video entitled "BMT tries to Clout Chase Saying He's

Just A Friend. But You had A Baby By Him. https://youtu.be/9ZXzYcR4vqI which has approximately 4,000 views at the time of filing.

Wright's motives financial and vindictive and now having been made aware that Plaintiff intended to file for custody of their child EZS.

31.     It was at this point that Wright began to contrive and hatch a plan that would allow her to bilk Plaintiff for as much money as possible in the form of Child support and to attain 100% control and custody of their child EZS.

32.     In order for Wright's plan to work it was imperative that she disparage the name and reputation of Plaintiff and avoid being served with the properly filed "Petition to Enforce Judgement related to the 2018 Custody Agreement.

## DAMAGING AND DISPARAGING REMARKS

33.     Plaintiff emphatically denies these horrendous assertions that Plaintiff is a murderer and Child Abuser made by Wright, done in an attempt to bolster her claim and garner sympathy from the public.

34.     These are fraudulent, untruthful, defamatory, and slanderous statements have been made to gain an unjust and unfair advantage for the purposes of financial enrichment.

35.     These false allegations have permanently damaged Plaintiff's character and reputation as a professional Trial attorney and a business owner.

36.    As calculated these horrible accusations alleging heinous acts of violence and abuse made basis of this lawsuit have damaged plaintiff's reputation and character.

37.    In addition, these defamatory and slanderous statements and this attack on Plaintiff's reputation have left him emotionally distraught.

38.    Specifically, Plaintiff, overwhelmed with depression fear and anxiety has a result of these horrendous accusations of violence.

39.    Furthermore, Plaintiff was forced to reduce his hours at his law office and his online video presence; the emotional distress has left Plaintiff unavailable mentally.

40.    Plaintiff's emotional distress arising from Wright's defamatory and slanderous statements have left Plaintiff unmotivated to exercise of a regular basis, unable to sleep, and now Plaintiff uses food as coping mechanism resulting in depression and the gaining of twenty (20) pounds, and he frequently ill.

41.    Since Defendant's defamatory statements were published Plaintiff has lost business opportunities in the form of employment.

42.    Upon information and belief, several of his potential employers, interviewers, and would-be business associates, including, but not limited to, those in the legal and media fields, having run routine background checks using the world wide web, saw the false accusations made against Plaintiff by Wright.

43.     Several would-be followers on YouTube, Facebook, and Instagram have unfollowed him citing these horrible accusations of violence and abuse made basis of this lawsuit.

44.     Plaintiff has been asked and may be forced to resign from his class action committee position at the above-referenced hospital in anticipation of the bad press and backlash, which would arise because of Plaintiff being allowed to remain a committee member in light of the nature of these horrible false allegations made by Defendant Wright.

45.     As a result of Wright's false statements Plaintiff has been in effect barred from getting an audition or any role in film or television playing the role of personal or a job as a legal advisor to a major network or cable news outlet because of the potential bad press and backlash.

46.     For Plaintiff, even maintain a law practice has become difficult as clients and would be clients use the world wide web to search for lawyers which lead to these false allegations.

47.     Wright in an attempt to gain an unfair advantage in a child support and custody proceeding by making provably false sworn statements has permanently destroyed plaintiff's career which he has worked for decades to achieve.

a.     The aforementioned defamatory statements published by Wright havecaused Plaintiff to suffer embarrassment, humiliation, mental

anguish, and emotional distress.

b.      The aforementioned defamatory statements distributed, published, and repeated by Wright have caused Plaintiff to suffer embarrassment, humiliation, mental anguish, and emotional distress.

c.      The aforementioned defamatory statements published by Wright have also caused damage to Plaintiff's reputation and character within his profession and industry, including but not limited to among her fans and with prospective business relations.

d.      The aforementioned defamatory statements distributed, published, and repeated by Wright have also caused damage to Plaintiff's reputation and character within her profession and industry, including but not limited to among her fans and with prospective business relations.

48.     At no time has Wright retracted and repudiated the aforementioned defamatory statements.

49.     Wright, as of the date of filing of this Complaint, has failed to and refused to retract and/or repudiate her aforementioned defamatory statements.

50.     As of this day, Wright has not issued any sort of retraction or repudiation of the defamatory statements, nor has she apologized to Plaintiff for

them.

## COUNT I
### (Slander Per Se Against Defendant)

51.     Plaintiff repeats and realleges by reference the allegations in paragraphs 1 through 50 as if fully set forth herein.

52.     Upon information and belief, Wright published a statement on YouTube on or aand May 30, 2022.

.       The aforementioned May 30, 2022 interview published by Wright contains multiple false and defamatory statements about Plaintiff.

53.     Including that Plaintiff is murderer and an abuser.

54.     None of the aforementioned statements about Plaintiff made by Wright are true.

55.     Defendant knew that her statements were false at the time that she published them, or Defendant was subjectively aware of the probable falsity of her aforementioned statements at the time that she respectively published them.

56.     Upon information and belief, Wright has not taken down or retracted the defamatory statements about Plaintiff made by Defendant in her May 30, 2022 interview.

57.     Upon information and belief, Wright knew prior to publication that there was a likelihood that she was circulating false information and/or entertained

serious doubts as to the truth of the statements that were published in her defamatory May 30, 2022, interview.

58.     Upon information and belief, Wright knew the statements made in her defamatory May 30, 2022, interview was false or Wright acted with reckless disregard of whether her statements concerning Plaintiff were true or not.

59.     Upon information and belief, Wright knew the statements made in her defamatory May 30, 2022, interview was false, or Wright acted with reckless disregard of whether her statements concerning Plaintiff were true or not.

60.     Upon information and belief, Defendant published these false statements and identified Plaintiff by his professional title, his name, his occupation, in her May 30, 2022 interview(s) so that individuals who researched him would know the statements made were about Plaintiff.

61.      Upon information and belief, Defendant's false statements were generated and communicated with actual malice, total disregard for the truth, and in the complete absence of any special privilege.

62.     Upon information and belief, Wright had no basis for in the defamatory sworn statements made were true.

63.     Upon information and belief, the defamatory sworn statement has been viewed by thousands of people.

64. Upon information and belief, Defendant's defamatory statements concerning Plaintiff are stillavailable to be viewed by the public.

65. Upon information and belief, these actions constitute actionable slander per se.

66. Upon information and belief, Defendant's false and defamatory statements made and published in Defendant's defamatory May 30, 2022, interview were disparaging andhave produced damage to Plaintiff and to Plaintiff's name, character, and reputation.

67. The aforementioned defamatory statements made and published by Wright have caused Plaintiff to suffer embarrassment, humiliation, mental anguish,and emotional distress.

68. The aforementioned defamatory statements made, published, and distributed by Wright have caused Plaintiff to suffer embarrassment, humiliation,mental anguish, and emotional distress.

69. The aforementioned defamatory statements made and published by Wright have also caused damage to Plaintiff's reputation and character within his profession and industry, including but not limited to among his clients, fans and with prospective business relations.

70. The aforementioned defamatory statements made, published, and distributed by Wright have also caused damage to Plaintiff's reputation

and character within his profession and industry, including but not limited to among his fans and with prospective business relations.

71.     Upon information and belief, the actions or omissions of Defendant set forth in this Complaint demonstrate malice, egregious defamation, and insult.

72.     Upon information and belief, such actions or omissions by Defendant were undertaken with reckless disregard of the falsity of the speech and its effects on Plaintiff.

73.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial.

74.     Plaintiff is entitled to general and special damages for the following harm: embarrassment, humiliation, mental anguish, and emotional distress and impairment to her name, character, and reputation.

75.     Additionally, Plaintiff requests an award of punitive damages and attorneys' fees and litigation expenses beyond and in excess of those damages necessary to compensate Plaintiff for injuries resulting from Defendant's conduct.

76.     Additionally, as a direct and proximate result of the foregoing, Plaintiff is entitled to an order permanently enjoining Defendant and all their

respective agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Wright or in concert or participation with Wright, and each of them, from: making, disseminating, broadcasting, or publishing any statements that Plaintiff committed the crimes of murder of child abuse  as stated in the May 30, 2022 interview, as well as an order requiring Wright to retract, remove, and repudiate in full all defamatory and disparaging statements made regarding Plaintiff.

## COUNT II
### (Slander Against Defendant)

77.     Plaintiff repeats and realleges by reference the allegations in paragraphs 1 through 76 as if fully set forth herein.

78.     Upon information and belief, Defendant's above-listed actions constitute actionable slander.

79.     Upon information and belief, Defendant's false and defamatory statements made in her above-referenced May 30, 2022, interview were disparaging and have produced damage to Plaintiff and to Plaintiff's name, character, and reputation.

80.     Upon information and belief, Defendant was subjectively aware of the probable falsity of the statements made during her above-referenced May 30, 2022, interview concerning Plaintiff at the time that she published them.

15

81.     Upon information and belief, Defendant's actions as set forth in this Complaint demonstrate malice, egregious defamation, and insult.

82.     Upon information and belief, such actions or omissions by Defendant were undertaken with reckless disregard of the falsity of the speech and its effects on Plaintiff.

83.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial.

84.     The aforementioned defamatory statements made and published by Wright have caused Plaintiff to suffer embarrassment, humiliation, mental anguish, and emotional distress.

85.     The aforementioned defamatory statements made, published, and distributed by Wright have caused Plaintiff to suffer embarrassment, humiliation, mental anguish, and emotional distress.

86.     The aforementioned defamatory statements made and published by Wright have also caused damage to Plaintiff's reputation and character within his profession and industry, including but not limited to among his fans and with prospective business relations.

87.     The aforementioned defamatory statements made, published, and distributed by Wright have also caused damage to Plaintiff's reputation and

character within his profession and industry, including but not limited to among his fans and with prospective business relations.

88.     Plaintiff is entitled to general and special damages for the following harm: embarrassment, humiliation, mental anguish, and emotional distress and impairment to his name, character, and reputation.

89.     Additionally, Plaintiff requests an award of punitive damages and attorneys' fees and litigation expenses beyond and in excess of those damages necessary to compensate Plaintiff for injuries resulting from Defendant' conduct.

90.     Additionally, as a direct and proximate result of the foregoing, Plaintiff is entitled to an order permanently enjoining Defendant and all their respective agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Wright, or in concert or participation with Wright, and each of them, from: making, disseminating, broadcasting, or publishing any statements that Plaintiff has committed the crimes of murder or the crime child abuse as stated in the May 30, 2022, interview, as well as an order requiring Wright to retract, remove, and repudiate in full all defamatory and disparaging statements made regarding Plaintiff.

## COUNT III

### (Libel Per Se Against Defendant)

91.    Plaintiff repeats and realleges by reference the allegations in paragraphs 1 through 134 as if fully set forth herein.

92.    Upon information and belief, Wright published her interview concerning Plaintiff on or around May 30, 2022.

93.    Upon information and belief, Wright published these false statements via a May 30, 2022, interview on the Paper Work Party Network hosted by Johnathan Edwards Davis entitled "Kevin Samuels Update: One on One with Dennis Spurling Baby Mama (She Tells All and Clears the AIR)

94.    As set forth above, the statements made in Defendant's May 30, 2022 interviews contain false, defamatory, and libelous statements regarding Plaintiff, including that Plaintiff has or had committed the crime of murder against Kevin Samuels and committed the Crime of Child Abuse against their child EZS.

95.    None of the aforementioned statements about Plaintiff in Defendant's May 30, 2022, interviews are true.

96.    Upon information and belief, Defendant knew these statements to be false at the time they respectively published them or acted with reckless disregard of whether they were true or not.

97.    Upon information and belief, Defendant were subjectively aware of the probable falsity of the aforementioned statements at the time she published them.

98.     Upon information and belief, Defendant's false statements were generated and communicated with actual malice, total disregard for the truth, and in the complete absence of any special privilege.

99.     Upon information and belief, Defendant had no basis for claiming the aforementioned statements were true.

100.    Upon information and belief, Defendant's May 30, 2022, interviews containing the subject statements have been viewed by thousands of people.

101.    Upon information and belief, these actions constitute actionable libel per se.

102.    Upon information and belief, Defendant's false and defamatory statements made in the subject May 30, 2022, interviews were disparaging and have produced damage to Plaintiff and to Plaintiff's name, character, and reputation.

103.    The aforementioned defamatory statements made and published by Defendant have caused Plaintiff to suffer embarrassment, humiliation, mental anguish, and emotional distress.

104.    The aforementioned defamatory statements published by Defendant have also caused damage to Plaintiff's reputation and character within his profession and industry, including but not limited to among his fans and with prospective business relations.

105.   Upon information and belief, the actions or omissions of Defendant set forth in this Complaint demonstrate malice, egregious defamation, and insult.

106.   Upon information and belief, such actions or omissions by Defendant were undertaken with reckless disregard of the falsity of the speech and its effects on Plaintiff.

107.   As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages in an amount to be proven at trial.

108.   Plaintiff is entitled to general and special damages for the following harm: embarrassment, humiliation, mental anguish, and emotional distress and impairment to her name, character, and reputation.

109.   Additionally, Plaintiff requests an award of punitive damages and attorneys' fees and litigation expenses beyond and in excess of those damages necessary to compensate Plaintiff for injuries resulting from Defendant' conduct.

110.   Additionally, as a direct and proximate result of the foregoing, Plaintiff is entitled to an order permanently enjoining Defendant and all her respective agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by and through, or under authority from Wright or in concert or participation with Wright, from: making, disseminating, broadcasting, or publishing any statements that Plaintiff has committed the crimes of murder or the crime child abuse as stated in the May 30, 2022, interview, as well as an order

requiring Wright to retract, remove, and repudiate in full all defamatory and disparaging statements made regarding Plaintiff.

## COUNT IV

### (Invasion of Privacy – False Light Against Defendant)

111.   Plaintiff repeats and realleges by reference the allegations in paragraphs 1 through 110 as if fully set forth herein.

112.   Upon information and belief, by publishing the false statements in the manner described above, Defendant portrayed Plaintiff in a false light intending to cause Plaintiff injury.

113.   Upon information and belief, Wright knew these statements to be false.

114.   Upon information and belief, Wright made no attempt to verify the veracity of any statements made regarding Plaintiff.

115.   Upon information and belief, Wright knew the statements made in the May 30, 2022, interview were false

116.   Upon information and belief, Wright was subjectively aware of probable falsity of the statements made in the above referenced May 30, 2022, interviews were false at the time she published them.

117.   Upon information and belief, Defendant's false statements were generated and communicated with actual malice, total disregard for the truth, and in the complete absence of any special privilege.

118.   Upon information and belief, as set forth above Defendant has intentionally intruded upon the solitude and/or seclusion of Plaintiff and his private affairs and/or concerns, and this intrusion, which falsely portrays Plaintiff having a murderous violent disruptive or volatile character, is highly offensive to a reasonable person.

119.   Upon information and belief, Defendant have also intentionally intruded upon the solitude and/or seclusion of Plaintiff and his private affairs and/or concerns, and this further intrusion, which falsely portrays Plaintiff as being a domestic abuser of women and children is highly offensive to a reasonable person.

120.   Upon information and belief, Defendant knew or should have known the statements alleged herein would create a false impression about Plaintiff and acted in reckless disregard of the truth.

121.   Upon information and belief, Defendant did not engage in any of the aforementioned conduct out of any sincere or proper motive, or in any manner governed by reasonable and ministerial conduct according to any job duty, but did so knowingly, willfully, and oppressively, with full knowledge of the adverse effects that her actions would have on Plaintiff, and with willful and deliberate disregard for the consequences. Accordingly, Plaintiff is entitled to recover punitive damages from Defendant in an amount to be determined at trial.

122.   Upon information and belief, the actions or omissions of Defendant set forth in this Complaint demonstrate malice, egregious defamation, and insult. Such actions or omissions by Defendant were undertaken with reckless disregard of the falsity of the speech and its effects on Plaintiff.

123.   As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial.

124.   Plaintiff is entitled to general and special damages for the following harm: embarrassment, humiliation, mental anguish, and emotional distress and impairment to his name, character, and reputation.

125.   Additionally, Plaintiff requests an award of punitive damages and attorneys' fees and litigation expenses beyond and in excess of those damages necessary to compensate Plaintiff for injuries resulting from Defendant' conduct.

126.   Additionally, as a direct and proximate result of the foregoing, Plaintiff is entitled to an order permanently enjoining Defendant and all their respective agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Wright, or in concert or participation with Wright, and each of them, from: making, disseminating, broadcasting, or publishing any statements that Plaintiff has committed the crimes of murder or the crime child abuse as stated in the May 30, 2022, interview,  as well

as an order requiring Wright remove in full all defamatory and disparaging statements made regarding Plaintiff.

## COUNT V

### (Intentional Infliction of Emotional Distress)

127.  Plaintiff repeats and realleges by reference the allegations in paragraphs 1 through 126 as if fully set forth herein.

128.  Upon information and belief, by making and publishing the defamatory statements, disparage plaintiff name and reputation destroy his character and raise money in the amount of $10,000.00 purportedly for legal fees, as described above Defendant intended to cause Plaintiff emotional distress.

129.  Upon information and belief, Defendant's conduct was intentional, as Defendant knew these statements were false and made no attempt to verify the truth of any statements made regarding the Plaintiff.

130.  Upon information and belief, Wright knew the statements made in the May 30, 2022, interviews were extreme and outrageous and would cause the Plaintiff severe emotional distress.

131.  Upon information and belief, Wright has published her May 30, 2022, interviews against the Plaintiff, which were intended to cause humiliation, mental anguish and emotional distress in the Plaintiff.

132.   Upon information and belief, Defendant's conduct was extreme and outrageous as Defendant's purposely published statements that she knew would cause severe emotional distress, including but not limited to stating that Plaintiff has or had committed the crime of murder and child abuse.

133.   Upon information and belief, Defendant' conduct was intentional as Defendant intended to benefit financially and socially from Plaintiff's severe emotional distress.

134.   Upon information and belief, since Wright began her campaign against Plaintiff, and has been awarded substantially through the receipt of contributions from viewers in an amount in excess of $10,000.00 which has allowed her to obtain and lawyer and again abscond to Jamaica with EZS

135.   Upon information and belief, Wright conduct was intentional as Wright intended to garner sympathy from the public and in return be gifted donations, and as a result of her outrageous and harassing conduct against the Plaintiff and has now been able to do so.

136.   Upon information and belief, Wright began her campaign against the Plaintiff to gain sympathy and favor in the public eye and increase the likelihood that she could be granted a favorable judgement of child support.

137.   Upon information and belief, Wright conduct was intentional as Wright has achieved her goal using the defamatory statements made about the Plaintiff.

138.   As a proximate result of defendant's actions and the consequences proximately cause by her, as herein above alleged, Plaintiff suffered severe humiliations, severe mental anguish, and severe emotional distress.

139.   As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages in an amount to be proven at trial.

140.   Plaintiff is entitled to general and special damages for the following harm: embarrassment, humiliation, mental anguish, and severe emotional distress.

141.   Additionally, Plaintiff requests an award of punitive damages and attorneys' fees and litigation expenses beyond and in excess of those damages necessary to compensate Plaintiff for injuries resulting from Defendant' conduct.

142.   Additionally, as a direct and proximate result of the foregoing, Plaintiff is entitled to an order permanently enjoining Defendant and all their respective agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Wright, or in concert or participation with Wright, and each of them, from: making, disseminating, broadcasting, or publishing any harassing statements about the Plaintiff that have caused emotional distress, as well as an order requiring Wright remove in full all such previously made statements.

## COUNT VI

## (Unjust Enrichment)

143.   Plaintiff repeats and realleges by reference the allegations in paragraphs 1 through 142 as if fully set forth herein.

144.   Upon Information viewers of the May 30, 2022, interview of provided thousands of dollars in donations in favor of Wright based all or in part on the defamatory, fraudulent and erroneous Statements in the subject May 30, 2022 interview; Wright has knowingly and willingly accepted and enjoyed these benefits;

145.   Wright either knew or should have known that her Scheme would lead to this outcome.

146.   As such, it would be inequitable for Wright to retain theses proceeds and benefit payments under these circumstances.

147. Wrights' acceptance and retention of these benefits under the circumstances alleged herein make it inequitable for Wright to retain the benefits without payment of the value to Plaintiff.

148.   Plaintiff is entitled to recover from Wright all amounts wrongfully collected and improperly retained by Wright.

149.   Plaintiff seeks actual damages, exemplary damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available under the laws.

## COUNT VII

**(Exemplary Damages against Defendant Pursuant to Sec. 41.003)**

150.   Plaintiff repeats and realleges by reference the allegations in paragraphs 1 through 149 as if fully set forth herein.

151.   Defendant's actions demonstrate willful misconduct, malice, fraud, wantonness, oppression, and conscious indifference to the consequences of their actions.

152.   Upon information and belief, Defendant acted with a specific intent to cause harm to Plaintiff.

153.   Plaintiff seeks punitive damages to punish, penalize, and deter Defendant' actions in an amount that exceeds $250,000.00.

## COUNT VIII

### (Attorneys' Fees and Litigation Expenses against Defendant)

154.   Plaintiff repeats and realleges by reference the allegations in paragraphs 1 through 153 as if fully set forth herein.

155.   Defendant have acted in bad faith by publishing defamatory statements they knew to be false and would cause harm to Plaintiff and have been stubbornly litigious and have caused Plaintiff unnecessary trouble and expense by refusing to retract such statements.

156.   Plaintiff seeks her attorneys' fees and expenses of litigation.

## COUNT IX

### (Declaratory Judgment against Defendant)

28

157.   Plaintiff repeats and realleges by reference the allegations in paragraphs 1 through 158 as if fully set forth herein.

158.   That Plaintiff ask that a Declaratory Judgment be granted in favor of Plaintiff and against the Defendant, Wright stating that:

159. On May 30, 2022, when Wright participated in an online interview on the Paper Work Party Network hosted by Johnathan Edwards Davis entitled "Kevin Samuels Update: One on One with Dennis Spurling Baby Mama (She Tells All and Clears the AIR) wherein she implicated plaintiff in:

    a.    the crime of murder of Kevin Samuels; and

    b.    she stated that Plaintiff committed the crime of child abuse as to their son EZS stating that he beat my son from head to toe"

160.   In addition, Plaintiff Dennis Spurling seeks a declaration by this court that:

    a.    Wright knew prior to publication that there was a likelihood that she was circulating false information and/or entertained serious doubts as to the truth of the statements that were published in her defamatory May 30, 2022, interview;

    b.    Wright knew the statements made in her defamatory May 30, 2022, interview were false or Wright acted with reckless disregard of whether her statements concerning Plaintiff were true or not.

c.   Wright published these false statements and identified Plaintiff by his professional title, his name, his occupation, in her May 30, 2022, interview(s) so that individuals who researched him would know the statements made in the interview were about Plaintiff.

d.   Wright's false statements were generated and communicated with actual malice, total disregard for the truth, and in the complete absence of any special privilege.

e.   Wright had no basis for the defamatory sworn statements made were true.

f.   Wright published and her false statement in a calculated attempt to gain a financial advantage:

g.   Wright published and her false statement in a calculated attempt to gain an advantage child – custody proceedings;

161.   Defendant Wright has been Unjustly Enriched as fully set forth herein in paragraphs 1- through 160.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court to enter judgment in his favor and against Defendant, as follows:

(a)     Awarding Plaintiff damages in amounts pertaining to each to be determined at trial, but not less than $75,000, including general, special, consequential, actual, and exemplary damages.

(b)     Awarding an accounting to Plaintiff for the gains and profits of Defendant arising from the unlawful conduct.

(c)     Permanently enjoining Defendant and their respective partners, agents, representatives, successors, assigns and employees, and any and all persons in active convert or participation with Defendant, and each of their executors, administrators, successors, licensees, assigns, subsidiaries, parents, affiliates, divisions, co-venturers, partners, officers, directors, employees, agents, shareholders, managers, representatives, consultants, and any and all other persons, corporations, or other entities acting under the supervision, direction, control, or on behalf of any of the foregoing, and each of them, from: making, disseminating, broadcasting, or publishing any statements that Plaintiff has committed the crimes of murder or the crime child abuse as stated in the May 30, 2022, interview;

(d)     Issuing an order requiring Wright to retract, remove, and repudiate in full all defamatory and disparaging statements made regarding Plaintiff;

(e)     Issuing an order requiring Wright to retract, remove, and repudiate in full all defamatory and disparaging statements made regarding Plaintiff;

(f)     Awarding Plaintiff's attorneys' fees and costs;

(g)     Pre-judgment and post-judgment interest;

(h)     A declaration as fully set forth herein in paragraphs 157 through 161;

(i)     Damages equal to the amount that has been and will be wrongfully collected and improperly retained by Wright, plus interest thereon;

(j)     Granting Plaintiff such other and further relief as the Court deems just and proper and as allowed under the laws of The State of Texas and the United States Constitution and the laws of these United States of America.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues so triable.

*Respectfully submitted,*

***DENNIS SPURLING*** *PLLC*
***ATTORNEYS AT LAW & FRIENDS***

*/s/Dennis D. Spurling*

By     _____

**DENNIS D. SPURLING, ESQ.**
Attorney-in-Charge
Texas Bar Roll No.: 24053909
Southern District of Texas No.: 718307
3003 South Loop West Suite 400
Houston, Texas 77054
(713) 229-0770 Telephone
(713) 229-8444 Facsimile
ddspurling@dennisspurling.com

**PLEASE SERVE**:

Cindy Eliene Wright
At her place of residence:
824 SW 147th Ave
Pembroke Pines, FL 33027



# Paper Work Party Netw...

HOME **VIDEOS** PLAYLISTS COMMUNITY CHA





the Paper Work Party. Please hit the LIKE button and Subscribe to this channel. Hit the notification button

## Description ✕

# Kevin Samuels update: ONE on ONE with Dennis Spurling Baby Mama (She TELLS ALL and CLEARS the AIR)

 **Paper Work Party Network**

| **470** | **5,697** | **May 30** |
|---------|-----------|------------|
| Likes | Views | 2022 |



the Paper Work Party. Please hit the LIKE button and Subscribe to this channel. Hit the notification button

## Kevin Samuels update: ONE on ONE with Dennis Spurling Baby Mama (She TELLS ALL and CLEA...

5.6K views · 2d ago   #jussiesmollett   #ghislainemaxwell
#ghislaine

 470     Dislike     Live chat     Share     Downloaded     Than

 Paper Work Party Network
3.09K subscribers

SUBSCRIBE



## Description 

**Kevin Samuels update: Part 1 FULL Phone Conversation w/ Dennis Spurling Baby Mama in Jamaica**

 **Paper Work Party Network**

| **80** | **1,319** | **May 30** |
|:---:|:---:|:---:|
| Likes | Views | 2022 |

My videos are for Entertainment and Educational purposes only.



# Description                                                    ✕

## Kevin Samuels update: Part 2 FULL Phone Conversation w/ Dennis Spurling Baby Mama in Jamaica

 Paper Work Party Network

| **153** | **2,929** | **May 30** |
|---------|-----------|------------|
| Likes | Views | 2022 |

My videos are for Entertainment and Educational purposes only.



