United States District Court
Southern District of Texas
**ENTERED**
October 20, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DENNIS SPURLING,** § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-01794 |
| § | |
| **CINDY EILENE WRIGHT,** *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Dennis Spurling sued Cindy Wright and Johnathan Davis, bringing claims for slander, libel, invasion of privacy, intentional infliction of emotional distress, and unjust enrichment. Wright moved to dismiss, arguing that the Court lacks personal jurisdiction over her. Davis did not respond within 21 days, so Spurling requested that the clerk enter default against him. Spurling also moved for leave to file a Third Amended Complaint.

Spurling has not properly pleaded facts to support personal jurisdiction over Wright. The Court therefore **GRANTS** Wright's motion to dismiss. ECF No. 36. The Court **DENIES WITHOUT PREJUDICE** Wright's request for attorney fees.

Spurling has also filed two motions for leave to file a Third Amended Complaint. ECF Nos. 50, 53. The proposed complaints do not fix the jurisdictional issues. The Court therefore **DENIES** these motions. ECF Nos. 50, 53. However, Spurling is granted leave to amend his complaint to cure the jurisdictional defects.

In light of this leave to amend, the Court **DENIES AS MOOT** Spurling's request for the clerk's entry of default against Davis, ECF No. 58, and Davis's motion to dismiss based on improper service, ECF No. 61.

1

## I.   BACKGROUND

Plaintiff Dennis Spurling is a Texas-based attorney. ECF No. 35 ¶ 12. Defendant Cindy Wright is a resident of Florida and a citizen of Jamaica. *Id.* ¶¶ 7, 21. Wright and Spurling are the parents of a minor child, EZS. *Id.* ¶ 22. Defendant Johnathan Davis operates a YouTube Channel entitled the Paper Work Party Network. *Id.* ¶ 27.

On May 30, 2022, Wright and Davis spoke via phone. *Id.* ¶ 28. The nature of this phone conversation is disputed: Spurling characterizes it as "an online interview," *id.* ¶ 28, whereas Wright contends that Davis recorded the phone call without her consent, ECF No. 36-1 at 2-3. At the motion-to-dismiss stage, the Court accepts as true Spurling's allegation that this call was an interview. Spurling alleges that, on the call, "both defendants implicated plaintiff in the crime of murder of Kevin Samuels" and "Wright stated that Plaintiff committed the crime of child abuse as to their son EZS stating that he 'beat their son from head to toe.'" ECF No. 35 ¶ 28.

Davis published the recording on his YouTube channel, where it garnered more than 11,000 views. *Id.* ¶ 29. Spurling alleges that, as a result of the video, his character and reputation have been damaged, he has suffered emotional harm, and he has suffered various personal and professional consequences. *Id.* ¶¶ 35-47.

After Spurling filed a Second Amended Complaint, ECF No. 35, Wright moved to dismiss, arguing that the Court lacks personal jurisdiction, ECF No. 36. In the same motion, she argued that she is entitled to attorney fees under the Florida Anti-SLAPP statute or, alternatively, the Texas Citizens Participation Act (TCPA). *Id.* at 13-20. Spurling responded, ECF No. 44, and Wright replied, ECF No. 49.

Separately, Spurling moved for leave to file a Third Amended Complaint. ECF Nos. 50, 53. This proposed Complaint largely mirrors his Second Amended Complaint, but he also alleges

that Defendants falsely accused him of international sex trafficking, adultery, and suffering from narcissistic personality disorder and psychopathy.

Lastly, Spurling requested the clerk's entry of default against Davis. ECF No. 58. Davis subsequently filed a motion to dismiss based on improper service. ECF No. 61.

## II. ANALYSIS

### A. Motion to Dismiss (ECF No. 36)

Wright moved to dismiss for lack of personal jurisdiction. ECF No. 36; *see* Fed. R. Civ. P. 12(b)(2). When a court does not conduct an evidentiary hearing on a motion to dismiss, "the party seeking to assert jurisdiction is required only to present sufficient facts to make out a *prima facie* case supporting jurisdiction. *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 488 (5th Cir. 2018). The court may consider both "the well-pleaded allegations of the complaint" and "factual showings made by way of depositions [and] affidavits." *Id.* (quoting *Simon v. United States*, 644 F.2d 490, 497 (5th Cir. 1981).

"[T]he exercise of personal jurisdiction over a nonresident defendant must comport with both federal due-process requirements and the long-arm statute of Texas." *Id.* "Because Texas's long-arm statute extends to the limits of federal constitutional due process, only one inquiry is required." *Id.* "Under due-process requirements, the defendant must have requisite minimum contacts with the forum state, and the exercise of jurisdiction in the forum state must not infringe on 'traditional notions of fair play and substantial justice.'" *Id.* at 488-89 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"For there to be minimum contacts, a defendant must have purposefully availed himself of the benefits and protections of the forum state such that he should reasonably anticipate being haled into court there." *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019)

(cleaned up). "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person[.]" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (internal citations and quotation marks omitted). Jurisdiction exists only where "the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." *Id.*

Although minimum contacts can give rise to either general or specific jurisdiction, only specific jurisdiction is at issue. "Specific jurisdiction applies when a non-resident defendant 'has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539-40 (5th Cir. 2019) (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001)). "Unlike general jurisdiction, which requires that the defendant's purposeful contacts with the forum state be 'continuous and systematic,' specific jurisdiction may exist where there are only isolated or sporadic contacts, so long as the plaintiff's claim relates to or arises out of those contacts." *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498-99 (5th Cir. 2012).

Here, Spurling offers two grounds that he contends justify personal jurisdiction: (1) that Wright communicated with Davis, who was using a Texas-based phone number; and (2) that the interview was published on Davis's YouTube channel. Neither ground is sufficient to support personal jurisdiction.

### 1. Texas-Based Phone Number

First, the phone call between Wright and Davis does not support personal jurisdiction. In the Second Amended Complaint, Spurling alleges that Wright "contacted Defendant Davis at 1

4

(469) 982-6639 a Texas based telephone number and participated in an online interview subsequently published by Defendant Johnathan Edwards Davis." ECF No. 35 ¶ 28. This allegation, however, is insufficient to confer personal jurisdiction.

The Fifth Circuit has held that "one long-distance telephone call [to the forum state] that was alleged to constitute a tort" can give rise to specific jurisdiction. *Brown v. Flowers Indus., Inc.*, 688 F.3d 328, 332 (5th Cir. 1982). In *Brown*, the Fifth Circuit reasoned that "[the defendant] initiated the telephone call and allegedly committed an intentional tort" and "[t]he injurious effect of the tort, if one was committed, fell in [the forum state], which the defendant could have easily foreseen." *Id.* at 334.

In contrast, personal jurisdiction was *not* proper when out-of-state defendants "merely answered one uninitiated and unsolicited phone call." *Wilson v. Belin*, 20 F.3d 644, 649 (5th Cir. 1994). In *Wilson*, the court distinguished between calls to the forum state initiated by the defendant, which, per *Brown*, could support personal jurisdiction, and calls received by the defendant from the forum state, which could not. *Id.*; *see Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1171 (5th Cir. 1985) ("Telephone calls made from the forum state to the nonresident defendant represent an insufficient basis for the forum's assertion of jurisdiction over the nonresident.").

Most recently, in 2018, the Fifth Circuit addressed "the fuzzy boundaries of the middle of the spectrum." *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 491 (5th Cir. 2018). In *Trois*, the defendant "did not initiate the conference call to Trois in Texas," but neither was he "a passive participant on the call." *Id.* Because the defendant "was the key negotiating party who made representations regarding his business in a call to Texas," the defendant was "not being haled into Texas court based on [his] random, fortuitous, or attenuated contacts." *Id.* (citation and quotation marks omitted). Thus, "a willing participant on a conference call who actively engaged in

5

conversation regarding his business, is more akin to an initiator of a phone call as contrasted to the recipient of an uninitiated, unsolicited phone call," and the defendant had the necessary minimum contacts with Texas to give rise to personal jurisdiction. *Id.*

To summarize: in the Fifth Circuit, a single phone call with an individual located in the forum state can give rise to personal jurisdiction in that state so long as (1) the alleged conduct giving rise to the cause of action happened on that call; and (2) the nonresident defendant was an active participant in the call.

Cell phones change matters. A cell phone may have an area code from a certain area, but a person could use that phone—or even live—in an entirely different area. A phone call to a cellphone with a Texas area code is not necessarily a phone call to Texas. For example, one court "[m]indful that live in a very mobile society," found that a defendant lacked minimum contacts to a state when the defendant "called a phone number in an area code associated with [that] state." *Cantu v. Platinum Mktg. Grp., LLC*, No. 1:14-CV-71, 2015 WL 13912331, at *3 (S.D. Tex. July 13, 2015).[1] Another court rejected a defendant's argument that, because he called a cell phone, his conduct was not directed at the forum state. *Thomas v. Skrip*, 876 F. Supp. 2d 788, 796–97 (S.D. Miss. 2012). There, the court reasoned that the defendant "had reason to know" that the person he called was physically present in the forum state at the time of the call. *Id.*

---

[1]Although not binding on matters of federal law, the Texas Supreme Court has taken this same approach. *See Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 791-92 (Tex. 2005). The Texas Supreme Court explained:

> [C]hanges in technology have made reliance on phone calls obsolete as proof of purposeful availment. While the ubiquity of "caller ID" may allow nonresidents to know a caller's telephone number, that number no longer necessarily indicates anything about the caller's location. If jurisdiction can be based on phone conversations "directed at" a forum, how does a defendant avail itself of any jurisdiction when it can never know where the other party has forwarded calls or traveled with a mobile phone?

*Id.* at 791.

Consistent with these prior cases, this Court adopts the view that a call between the nonresident defendant and a cell phone should be treated the same way as a call with a land line if, and only if, the plaintiff adequately alleges that the defendant knew or had reason to know that the cell phone holder was located in the state during the time of the call. This approach is also consistent with the Supreme Court's emphasis that the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Absent allegations that the nonresident knew that the cell phone holder was located within the state, the nonresident lacks the requisite minimum contacts with the state.

Spurling did not plead any facts regarding Wright's knowledge of Davis's whereabouts. Jurisdiction is therefore improper on these grounds.

## 2. Davis's YouTube Channel

Likewise, the existence of Davis's YouTube channel does not confer personal jurisdiction over Wright.

Spurling adequately pleads that the YouTube channel confers personal jurisdiction over Davis. He alleges that Davis regularly publishes videos on the channel from within Texas. ECF No. 35 ¶ 27.[2] At the motion-to-dismiss stage, this allegation adequately pleads sufficient minimum contacts between Davis and Texas.

The YouTube channel does not, however, confer personal jurisdiction over Wright. Outside of her single phone conversation with Davis, Spurling does not allege that Wright was involved with the channel. "Purposeful availment is a constitutional prerequisite for jurisdiction." *Carmona v. Leo Ship Mgmt, Inc.*, 924 F.3d 190, 194 (5th Cir. 2019). "[T]here must be some act

---

[2] At the hearing, Davis disputed that he had broadcast on his YouTube channel from Texas. Nevertheless, it is improper to resolve this factual dispute at the motion-to-dismiss stage.

by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state[.]" *Id.* at 195 (citation and internal quotation marks omitted).

Significantly, "[t]he defendant's ties to the forum . . . must be ties that 'the defendant himself' purposefully forged." *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 317–18 (5th Cir. 2021). For example, in cases involving alleged conspiracies, "[t]he question is whether [the defendant] himself, not alleged conspirators, had the requisite minimum contacts." *Arthur v. Stern*, No. CIV.A. H-07-3742, 2008 WL 2620116, at *10 (S.D. Tex. June 26, 2008). Davis, not Wright, forged ties with Texas through the YouTube channel. Because Wright did not personally forge those ties, the YouTube channel does not give rise to personal jurisdiction over Wright.

Because neither the phone call nor Davis's YouTube channel is sufficient to confer personal jurisdiction over Wright, the Court **GRANTS** Wright's motion to dismiss based on a lack of personal jurisdiction.

### 3. Attorney Fees

Wright also moves for attorney fees under the Florida Anti-SLAPP law or, alternatively under the Texas Citizens Participation Act (TCPA).

The TCPA, not the Florida Anti-SLAPP law, governs. Wright "does not dispute that Texas law applies to determine whether Spurling has a valid claim for slander[.]" ECF No. 36-1 at 15. "The award of attorneys' fees is governed by the law of the state whose substantive law is applied to the underlying claims." *Exxon Corp. v. Burglin*, 4 F.3d 1294, 1302 (5th Cir. 1993). Texas law therefore applies to the award of attorney fees, and the relevant inquiry is pursuant to the TCPA, not the Florida Anti-SLAPP law.

The TCPA permits defendants to move to dismiss suits if the "legal action is based on or is in response to a party's exercise of the right of free speech." Tex. Civ. Prac. & Rem. § 27.003(a).

If the Court dismisses a case "under this chapter," the court "shall award the moving party court costs and reasonable attorney's fees." *Id.* § 27.009.

Wright argues that a 12(b)(2) dismissal based on lack of personal jurisdiction could be the basis for an attorney fee awards under the TCPA. This is incorrect.

The TCPA provides for attorney fees only if the court dismisses a case "under this chapter." *Id.* § 27.009(a). The TCPA makes clear what a dismissal "under this chapter" looks like. Under § 27.003, a party may file a motion to dismiss if the "legal action is based on or is in response to a party's exercise of the right of free speech." But those are not the grounds on which Wright filed her motion to dismiss. Instead, she filed the motion to dismiss based on the lack of personal jurisdiction. A dismissal for lack of personal jurisdiction is not a dismissal under the TCPA.

The Court therefore **DENIES WITHOUT PREJUDICE** Wright's request for attorney fees. Although the Court expresses no views on the ultimate merits of the case, the Court notes that if any Defendant ultimately obtains a dismissal on the merits, the TCPA's mandatory attorney-fee provisions may require the Court to award such attorney fees.

### B. Motions for Leave to Amend (ECF Nos. 50, 53)

Also pending before this Court are Spurling's two motions for leave to file a Third Amended Complaint. ECF Nos. 50, 53. The proposed Complaints do not remedy the jurisdictional issues. As a result, the Court **DENIES** the motions for leave to amend.

### C. Service on Defendant Davis

Spurling also filed a request for entry of default against Defendant Davis. ECF No. 58. Davis subsequently filed a motion to dismiss based on improper service. ECF No. 61. Because the Court is giving the opportunity for Spurling to amend his complaint, the Court **DENIES AS MOOT** both Spurling's request for an entry of default and Davis's motion to dismiss.

### III. CONCLUSION

The Court **GRANTS** Wright's motion to dismiss, ECF No. 36, based on a lack of personal jurisdiction and **DENIES WITHOUT PREJUDICE** Wright's request for attorney fees. Spurling is given one opportunity to amend his complaint, if he so chooses, to cure the jurisdictional defects.

The Court further **DENIES** Spurling's motions for leave to amend. ECF Nos. 50, 53.

Finally, the Court **DENIES AS MOOT** Spurling's request for the entry of default against Davis, ECF No. 58, and Davis's motion to dismiss based on improper service, ECF No. 61.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas on this 20th day of October, 2022.

Keith P. Ellison
United States District Judge