United States District Court
Southern District of Texas
**ENTERED**
October 21, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **DENNIS SPURLING,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:22-CV-01794** |
| | § | |
| **CINDY EILENE WRIGHT,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Two motions are currently pending before this Court: (1) Plaintiff Dennis Spurling's Motion for Substituted Service, ECF No. 67; and (2) Spurling's Motion to Strike, ECF No. 63. For the reasons set out below, the Court determines that the Motion for Substituted Service should be **DENIED** at this time. The Motion to Strike is **DENIED** as **MOOT**.

### I.      Motion for Substituted Service (ECF No. 67)

Federal Rule of Civil Procedure 4(e) sets out the rules for service of an individual within a judicial district of the United States. FED. R. CIV. P. 4(e). Service may be effectuated by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e)(2)(A)–(C). Service may also be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

Texas Rule of Civil Procedure 106 authorizes service by (1) personal delivery or (2) registered or certified mail, return receipt requested. TEX. R. CIV. P. 106(a)(1)–(2). "'Texas law prefers personal service over substitute service,' because of its greater reliability." *Elpmex TCD, Corp. v. Kadow*, 2016 WL 5720858, at \*1 (W.D. Tex. Sept. 30, 2016) (quoting *Taylor v. State*, 293 S.W.3d 913, 915-16 (Tex. App.—Austin 2009, no pet.)). "[I]f personal service can be effected by the exercise of reasonable diligence, substituted service is not to be resorted to." *In re E.R.*, 385 S.W.3d 552, 564 (Tex. 2012) (quoting *Sgitcovich v. Sgitcovich*, 241 S.W.2d 142, 147 (1951)). "[A] diligent search must include inquiries that someone who really wants to find the defendant would make." *Id.*

Thus, "[o]nly after service by one of the two methods provided in Rule 106(a) fails, may a court authorize, upon a motion supported by proper affidavit, substitute service." *J&J Sports Prods., Inc. v. Lava Ent. Grp. LLC*, 2017 WL 837685, at \*1 (W.D. Tex. Mar. 1, 2017). The motion must be supported by a sworn statement "listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful[.]" TEX. R. CIV. P. 106(b).

Spurling moves for the Court to authorize substitute service on Defendant Johnathan Davis. Spurling's Motion was not supported by a sworn statement containing the information required by Texas Rule of Civil Procedure 106(b). Further, even if the Motion had been so supported, this Court expresses doubts that, at this stage, Plaintiff has completed the requisite diligent search.

For the foregoing reasons, Plaintiff's Motion for Substitute Service is **DENIED**.

## II.   Motion to Strike (ECF No. 63)

Also pending before this Court is Spurling's Motion to Strike. ECF No. 63. Spurling seeks to strike Davis's Motion to Dismiss. ECF No. 61. After Davis moved to dismiss, however, Spurling

was granted leave to amend his Complaint, ECF No. 64, Spurling amended his Complaint, ECF No. 66, and the Court denied as moot Davis's Motion to Dismiss, ECF No. 65. Accordingly, Spurling's Motion to Strike is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Signed at Houston, Texas on October 21, 2022.

Keith P. Ellison
United States District Judge